IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10529
Summary Calendar
_____

BAKER FARMS, INC.,

Plaintiff-Appellant,

versus

JEOFFREY HULSE; RONNY GALLAGHER; ANDREW SANSOM,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CV-315-C
--------------------
October 23, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Baker Farms, Inc. ("BFI") appeals the district court's dismissal of its claim pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction.  BFI argues that the district court erred in failing to accept the allegations of its complaint as true.

When a motion to dismiss for lack of subject matter jurisdiction is based on the face of the complaint, the court

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

must accept the allegations in the complaint as true.  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).  However, "conclusory assertions or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  Fernandez-Montes v. Allied Pilot's Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

BFI's argument is based on the district court's finding that the existence of certain easements was disputed.  BFI asserted that the easements came into legal existence by prescription in favor of its leased land.  This is a legal conclusion masquerading as a factual conclusion and as such, the court was not obliged to accept it as true.  The district court did not err in failing to take BFI's legal conclusions as true facts.

BFI argues that the district court improperly determined that the State of Texas is the real party in interest to this suit, thus barring the suit under the Eleventh Amendment.  The State of Texas owns the land on which BFI alleges to have a property interest in easements.  BFI sued three State of Texas officials rather than the State itself.

Where a plaintiff invokes federal jurisdiction to quiet title to sovereign lands, the suit is against the State.  Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 296 (1997).  A federal court may not adjudicate a State's interest in property without the State's consent.  Ysleta Del Sur Pueblo v. Laney, 199 F.3d 281, 289 (5th Cir. 2000).

Since BFI sought to adjudicate limitations of the State of Texas' interest in its property, its suit was barred by the Eleventh Amendment. The district court did not err in dismissing the case, as it was without authority to hear it absent the State of Texas' consent. The order of the district court dismissing the case is AFFIRMED.